IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| UNITED STATES OF AMERICA | * * * * |
| v. | * Criminal Case No.: SAG-24-00353 * * |
| RONALD STEVENSON | * * |
| Defendant. | * * |

* * * * * * * * * *

## MEMORANDUM OPINION

The United States has charged Defendant Ronald Stevenson with one count of unlawful possession of a machinegun and one count of possession of a firearm and ammunition by a prohibited person. ECF 1. Mr. Stevenson has filed a Motion to Suppress Evidence Obtained in Violation of the Fourth Amendment, ECF 16, which the government opposed, ECF 34. Mr. Stevenson then filed a reply. ECF 37. On August 22, 2025, this Court held a hearing on the motion to suppress, heard testimony and argument, and ordered additional briefing. *See* ECF 40. Both the government, ECF 46, and Mr. Stevenson, ECF 53, have now filed their supplemental briefing. This Court has reviewed all of the filings. For the reasons explained below, Mr. Stevenson's motion will be granted.

I.   BACKGROUND

The following facts are derived from the testimony and exhibits presented at the motion hearing. On August 5, 2024, several Baltimore Police Department detectives conducted proactive enforcement in the Northwest District in an area that police consider to be a high-crime area. Mr. Stevenson was driving his girlfriend, Ms. Webb's, car in this area, accompanied by Ms. Webb and

their infant child. While driving behind the vehicle driven by Mr. Stevenson, Detective Israel Lopez noticed that that vehicle had expired tags. About five blocks later, Detective Lopez activated his lights and sirens. About four blocks after that point, in the 2700 block of West Belvedere Avenue, Mr. Stevenson pulled the car over into the parking lane behind another parked vehicle. He then opened the driver-side door, exited the vehicle, closed the door, and fled on foot. Officers pursued him, and Detective Cesar Gonzalez ultimately apprehended him several blocks away. Detective Gonzalez arrested Mr. Stevenson for fleeing and eluding and placed him in handcuffs. Officers then escorted Mr. Stevenson back to the parked vehicle.

Ms. Webb and the child had remained in the vehicle and were in the vehicle when Detective Lopez returned to it. Another detective handed Detective Lopez Ms. Webb's driver's license, and Detective Lopez was holding it when he then stated that the car would be towed for fleeing and eluding and, "I'm going to do a search incident to arrest of the car." Detective Lopez then looked under the driver's seat and located a handgun with a switch. He seized the gun and proceeded to search the rest of the vehicle. Mr. Stevenson was being escorted back to the vehicle when Detective Lopez began the search and was not near the vehicle at any point during the search.

At some point after his vehicle search, Detective Lopez learned that Ms. Webb and her mother, who had arrived on scene, owned the vehicle. Police released the vehicle to them and did not tow it. In his incident report, Detective Lopez described his search of the vehicle as a "search incident to arrest."

II. **LEGAL STANDARD**

The Fourth Amendment guarantees "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures." U.S. Const. amend. IV. Thus, "searches conducted outside the judicial process, without prior approval by judge or

magistrate, are per se unreasonable under the Fourth Amendment – subject only to a few specifically established and well-delineated exceptions." *Katz v. United States*, 389 U.S. 347, 357 (1967) (footnote omitted). Because warrantless searches are presumptively unreasonable, the government bears the burden of demonstrating the lawfulness of such a search. *United States v. McGee*, 736 F.3d 263, 269 (4th Cir. 2013).

### III. DISCUSSION

The government argues three grounds to justify the search: (1) that Mr. Stevenson lacks standing because he abandoned the vehicle, (2) that the automobile exception applies, and (3) that the search constituted a valid inventory search. Mr. Stevenson also addressed the search incident to arrest exception in his motion because Detective Lopez referenced it to justify the search, so this Court will briefly address that ground first.

#### A. Search Incident to Arrest

Search incident to arrest constitutes an exception to the warrant requirement. *Chimel v. California*, 395 U.S. 752, 762–763 (1969). A search incident to arrest may encompass the arrestee's person and the area "within his immediate control," meaning "the area from within which he might gain possession of a weapon or destructible evidence." When an individual is arrested following a traffic stop, police may lawfully search the vehicle incident to arrest if (1) "the arrestee is unsecured and within reaching distance of the passenger compartment at the time of the search" or (2) "it is 'reasonable to believe evidence relevant to the crime of arrest might be found in the vehicle.'" *Arizona v. Gant*, 556 U.S. 332, 343 (2009) (quoting *Thornton v. United States*, 541 U.S. 615, 632 (2004) (Scalia, J., concurring in judgment)). There exists no reason to believe that a vehicle might contain evidence relevant to a crime of arrest when an individual is arrested for traffic violations, *id.*, or eluding, *United States v. Davis*, 997 F.3d 191, 202.

3

At the time the search began here, police were escorting Mr. Stevenson back to the car from where he was apprehended several blocks away, and at no point during the search was he near the vehicle. He therefore was not within reach of it. Furthermore, police had no reason to believe that the vehicle would contain evidence relevant to his crimes of arrest, traffic violations and fleeing and eluding. The search incident to arrest exception therefore does not apply.

**B. Standing**

The government asserts that Mr. Stevenson lacks standing to challenge the search of the car. The driver of a vehicle, even if not its owner, has a reasonable expectation of privacy in the vehicle absent evidence that he was illegitimately in possession of it. *See United States v. Rusher*, 966 F.2d 868, 874 (4th Cir. 1992). Here, Mr. Stevenson, although not the owner of the vehicle, was driving it, and no evidence suggests that he was doing so illegitimately. The government instead contends that Mr. Stevenson abandoned the vehicle by fleeing from it and thereby lost his reasonable expectation of privacy in it.

A person who voluntarily abandons property loses standing to challenge the seizure of evidence from the property. *United States v. Leshuk*, 65 F.3d 1105, 1111 (4th Cir. 1995). To determine whether a person has abandoned property, the court must decide whether he retains a reasonable expectation of privacy in that property. *United States v. Stevenson*, 396 F.3d 538, 546 (4th Cir. 2005). The government relies heavily on *United States v. Kirlew*, 291 F. App'x 536 (4th Cir. 2008). In that case, the defendant engaged in a high-speed vehicle chase with police before jumping out of his still-moving vehicle and fleeing on foot as the vehicle drifted down the road into oncoming traffic before stopping on the median of the road. *Id.* at 538. The court concluded that these actions constituted abandonment of the vehicle. *Id.* at 539.

The government correctly notes that Mr. Stevenson, like the defendant in *Kirlew*, fled the vehicle on foot. Mr. Stevenson did not, however, jump out of the vehicle as it was still moving and allow it to drift into oncoming traffic and ultimately onto the road's median. Instead, Mr. Stevenson fled after stopping the car in a parking lane. But more importantly, Mr. Stevenson did not leave the car unattended. His girlfriend, Ms. Webb, remained in the car, and this Court concludes that that fact makes this case materially different from *Kirlew* and several out-of-circuit cases cited by the government in which defendants left vehicles unattended. If a person leaves property unattended, he allows others to access it such that it may be fair to say that he has relinquished a reasonable expectation of privacy in it. The same cannot be said of leaving property with a trusted individual, as occurred here. Mr. Stevenson therefore retains standing to challenge the seizure of evidence from the car.

### C. Automobile Exception

The government next contends that the automobile exception applies. Police may lawfully search a vehicle without a warrant if they have probable cause that it contains evidence of a crime. *United States v. Ross*, 456 U.S. 798, 800 (1982). Probable cause exists when "the known facts and circumstances are sufficient to warrant a man of reasonable prudence in the belief that contraband or evidence of a crime will be found." *Ornelas v. United States*, 517 U.S. 690, 696 (1996). As purportedly supporting probable cause, the government cites the high-crime area in which Mr. Stevenson was arrested, the fact that he did not immediately pull over the vehicle and his subsequent flight from the vehicle, and the expired tags on the vehicle.

These facts supplied police with reasonable suspicion to stop Mr. Stevenson, but they did not amount to probable cause to search the vehicle. In *United States v. Davis*, the Fourth Circuit considered whether the defendant's flight from police, his arrest for traffic violations and eluding,

5

and cash discovered on his person amounted to probable cause. 997 F.3d at 201. The court concluded those factors together could not support probable cause. *Id.* It reasoned, "Could a fleeing individual with cash in his pockets have evidence of some crime in his vehicle? Perhaps. But without more supporting facts available to tip the scales from 'articulable suspicion' to 'probable cause,' the more accurate answer is, '[w]ell perhaps, but not probably.'" *Id.* (quoting *United States v. Lyles*, 910 F.3d 787, 790–91, 794 (4th Cir. 2018)) (alternation in original); *see also Illinois v. Wardlow*, 528 U.S. 119, 123–25 (2000) (concluding that headlong flight in a high-crime area supplies police with reasonable suspicion, "a less demanding standard than probable cause").

      Like the defendant in *Davis*, Mr. Stevenson fled from police and was arrested for traffic violations and eluding. Those facts did not "tip the scales" from reasonable suspicion to probable cause in *Davis*, and they do not here. Nor does the fact that Mr. Stevenson was arrested in a high-crime area. As the Supreme Court concluded in *Wardlow*, headlong flight in a high-crime area constitutes reasonable suspicion, rather than probable cause. The only additional fact cited by the government here is the expired tags, and that fact could not supply probable cause to believe evidence of a crime existed *in the vehicle*. As discussed above, arrest following a vehicle stop for traffic violations or eluding does not give police even a "reason[] to believe" that evidence of such crimes exists in the vehicle. Could evidence of another crime have existed in the vehicle? As in *Davis*, the answer must be, "Well perhaps, but not probably." Based on the facts cited by the government, such a belief would have constituted no more than speculation. Because police lacked probable cause to believe that the vehicle contained evidence of a crime, the automobile exception does not apply.

6

### D. Inventory Search

Finally, the government argues that Detective Lopez performed a valid inventory search of the vehicle. Inventory searches constitute an exception to the warrant requirement. *Colorado v. Bertine*, 479 U.S. 367, 371 (1987). Police lawfully perform an inventory search when (1) the circumstances reasonably justify impoundment of the vehicle and (2) they conduct the search pursuant to "routine and standard procedures designed to secure the vehicle or its contents." *United States v. Bullette*, 854 F.3d 261, 265 (4th Cir. 2017). Furthermore, the search must be conducted to secure the car or its contents, rather than to gather incriminating evidence. *United States v. Brown*, 787 F.2d 929, 932 (4th Cir. 1986).

For circumstances to justify impoundment of a vehicle following an arrest, police must reasonably believe that "there was no known individual immediately available to take custody of the car, or [that] the car could have constituted a nuisance in the area in which it was parked." *United States v. Cartrette*, 502 F. App'x 311, 315 (4th Cir. 2012) (quoting *Brown*, 787 F.2d at 932) (alteration in original). If the driver is alone when arrested or no passenger may lawfully drive the car away, then no known individual is immediately available to take custody of the car. *See United States v. Johnson*, 492 F. App'x 437, 441 (4th Cir. 2012) (concluding that no one was present to take custody of a vehicle when the registered owner was not present to give consent); *United States v. Arline*, No. 2:10–CR–551–DCN, 2011 WL 43642, at *1, *4 (D.S.C. Jan. 6, 2011) (concluding that an inventory search was proper when the driver was alone when arrested even though the car's owner later arrived to take custody of the vehicle); *United States v. Matthews*, 591 F.3d 230, 233 (4th Cir. 2009) (finding that neither of two passengers, a seventeen-year-old with a learner's permit and an infant, could lawfully drive the car away).

The circumstances present here could not lead police to reasonably believe that there was no known individual immediately available to take custody of the car. A passenger, Ms. Webb, was present, and at the time Detective Lopez announced that he was towing the car, he was holding her driver's license. Thus, unlike the driver in *Arline*, Mr. Stevenson had a passenger with him on scene when he was arrested, and unlike the passengers in *Matthews*, Ms. Webb was able to lawfully operate the vehicle. Furthermore, Ms. Webb was in fact the owner of the vehicle, such that she could lawfully take custody of it. Although this Court credits Detective Lopez's testimony that he did not know Ms. Webb was the owner of the vehicle until after he had searched it, this Court cannot conclude that his apparent belief prior to searching the vehicle that the owner was *not* present was reasonable. Detective Lopez formed that apparent belief without knowing who the vehicle's owner was. He could have learned that information by asking Mr. Stevenson or Ms. Webb, asking for the vehicle's registration paperwork, or running the vehicle's plates. Thus, this Court concludes that Detective Lopez could not reasonably believe that no individual was immediately available to take custody of the vehicle when the vehicle's owner was present and he could have learned she was the owner through basic procedures attendant to most traffic stops.

Furthermore, the car did not need to be moved immediately because it did not constitute a nuisance where it was parked. The car was parked in the parking lane of a street. No evidence suggests that it was impeding traffic in any way or that its presence there, behind another vehicle similarly parked in the parking lane, could constitute a nuisance for any other reason. *See Johnson*, 492 F. App'x at 439 (involving testimony that a vehicle impeded the flow of traffic and therefore presented a road hazard); *Cabbler v. Superintendent, Va. State Penitentiary*, 528 F.2d 1142, 1145–46 (4th Cir. 1975) (concluding that a car presented a nuisance when it was parked in the driveway to the emergency room of a hospital); *Matthews*, 591 F.3d at 233 (involving a car parked on private

property). Thus, the police here had no reason to believe that the car parked in the parking lane could constitute a nuisance necessitating its immediate removal. Because the circumstances here did not reasonably justify impoundment, police did not lawfully perform an inventory search.

## IV. CONCLUSION

For the reasons stated above, Mr. Stevenson's motion to suppress, ECF 16, will be granted. The government shall advise within one week whether it intends to proceed with the prosecution. A separate Order follows.

Dated: October 31, 2025            /s/
                                    Stephanie A. Gallagher
                                    United States District Judge